## Hayes, et al. v. Nic Adamo Company, et al.

(Decided January 19, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

1. Landlord and Tenant—Contracts—Section 2295 Kentucky Statutes.—In a suit to recover twelve months' rent from a tenant for continued occupancy after expiration of term, held, that there was such an express contract as to take the case out of Section 2295 Kentucky Statutes.

2. Contracts—Acceptance.—Where one in writing qualifiedly accepts a proposition for contract and subsequent conduct of the parties shows that both observed the contract as qualified, then there is such an acceptance by each as to make it an express contract.

AL. M. MARRET for appellants.

JACOB SOLINGER and JOHN RAMSEY for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

By virtue of a written rent-contract the appellee became the tenant of appellant and took possession of

a certain business property in the city of Louisville June 1st, 1911. The term was two years, at the price of $2,500 per annum, payable in advance monthly installments of $208.33. The contract is voluminous, containing 13 clauses, and goes into great detail about the duties of the tenant in the occupancy and care of the property.

But the issue here is not as to the performance of that contract. The question is one of liability for continued occupancy after expiration of term. The appellant insists there never was an express contract for occupancy after the term expired, but, as appellee held possession for more than 90 days notwithstanding, he is, therefore, bound for a whole year under the provisions of Sec. 2295, Kentucky Statutes. She sues to recover the rent for 12 months, less the amount of payments for five months actual occupation. Appellee admits that he continued in possession for more than 90 days, in fact, for five months, but says it was by express contract, and that having complied with the new contract, and paid for the five months he occupied it, he is absolved from further liability.

The lower court took appellee's view of the matter and directed the jury to return a verdict accordingly. Hence the appeal.

During the two or three months just prior to the expiration of the term, there was considerable correspondence between the parties as to renewal and extension. The appellee desired an extension of the lease until some time in the fall of that year, and the appellant had refused to extend the lease for any time less than one year. It is admitted that up to May 30th—two days before the term expired—the parties were unable to reach any agreement, and the real point in the case is whether the correspondence and conduct of the parties from that date is of such a character as to constitute a new contract.

On May 30th the appellee wrote appellant the following letter, and attached to it a check for advance payment of the June rent:

"We have definitely concluded not to renew lease for the premises now occupied by us at No. 210 West Market street.

"We will, however, continue to occupy the store from month to month, and enclose herewith check for June rent."

Appellant accepted the check upon conditions stated in her response of June 3d, which is as follows:

"As I have been unable to secure a tenant for No. 210 W. Market street, I accept your check for June rent on the condition that you will vacate and deliver premises in accordance with expired lease within ten days after notice, and that the acceptance of your payments is not an acknowledgment that I agree to rent month by month, and again advise that you are occupying premises over my protest."

So far as the record discloses, there was no further correspondence between them until about the 1st of September, when appellee gave written notice that he would vacate the premises on October 31st. He did vacate on the date named. It is admitted that during these five months, and on the first of each, he made advance payments of the rents in the same manner as the original written contract required. As stated in appellant's letter of June 30th, she had been making efforts to secure another tenant, and she continued these efforts for some time afterwards by advertisements in the newspapers.

There can be no question as to the meaning of appellee's letter. His intention was to occupy the premises as a renter from month to month. But we are asked to decide which half of appellant's reply letter we will give effect. The first half recites the fact that she had been unable to secure a tenant, and that she accepted the check for June rent on condition that the tenant "will vacate and deliver premises in accordance with expired lease within ten days after notice." In the light of this portion of her letter, it is clear that she accepted appellee's proposition in the main, and that the tenancy became one of month to month, coupled with the obligation to use and care for the property as required by the original written contract. One additional obligation was imposed, viz., that possession would be given within ten days after notice. The original lease made no provision for ten days or any notice, and that fact makes it plain that the reference in the letter to the holding "in accordance with the expired lease," was not intended to obligate the appelle for the two years mentioned in the contract, or for any particular term, The evident purpose was to keep upon him the same restrictions as to the use and care of the property which

were stipulated in the original contract. After accepting the check on condition that he would so use and occupy the property, and surrender possession on ten days' notice, the last half of her letter proceeds to inform him that the first half does not mean what it says, and concludes with the positive statement that, notwithstanding the accepted check in payment for June rent, she protested against appellee occupying the premises. The last half of her letter is not only contradicted by the first, but her conduct during the subsequent five months, conclusively shows that it was her purpose to obligate the appellee without binding herself in any way. The fact that she took no steps to vacate the property is evidence that the occupancy was not over her protest. The further fact that so long as appellee occupied it she did not give ten days' or any notice to vacate shows that she preferred to accept the checks on a month to month basis rather than have the property without a tenant.

It is unnecessary to consider whether one can accept benefits tendered with a proposition without at the same time accepting the proposition.

Appellant could not, of course, secure the right of occupancy by merely making a proposal for it, accompanied by a check for the first month's rent. It was his duty, under the contract, to vacate the premises at the expiration of his term, in the absence of a new contract. But, if appellant did not approve of his continued tenancy, or if, as she says, she protested against it, she should not have accepted his advance payments, and her remedy was a proceeding to evict him, rather than acquiescence in his holding. We are impressed that she, in fact, accepted his proposal, with a reservation that she might demand possession upon ten days' notice.

Appellee's proposal and her qualified acceptance of it, together with the conduct of both parties for the next five months, amount to an express contract as qualified and an acceptance by each. The effect of this contract was to permit the appellee to hold possession from month to month, and surrender same upon ten days' notice. As appellee complied with his contract in every particular, his liability is controlled by the contract— the statute applies only in the absence of a contract. We conclude that the judgment of the lower court was correct, and it is, therefore, affirmed.